## No. 10,020.

### THE STATE EX REL. NEW ORLEANS AND NORTHEASTERN RAILROAD COMPANY VS. C. F. HUFT, JUSTICE OF THE PEACE FOR THE NINTH WARD, PARISH OF ST. TAMMANY.

The provision of Art. 165, No. 9 C. P., making corporations committing trespass or doing damage " liable to be sued in the parish where such damage is done or trespass committed," does not confer jurisdiction of such action upon justices of the peace away from the corporate domicile. The Art. 165 is found under a particular title of the C. P. the first article of which restricts the application of the provisions under said title to district courts, and declares that "special rules are hereafter established for justices of the peace." Such special rules are found in the following Title IV of said code, articles 1069 and 1070, of which expressly forbid them from exercising jurisdiction over defendants domiciled in the State outside of their territorial limits.

The case is not affected by the fact that the provision of Art. 165, No. 9, is also embodied in section 725 R. S. The same Legislature adopted both the Revised Statutes and the Code of Practice, and in cases of conflict, gave precedence to the latter. By embodying the provision as an amendment to Art. 165 and by leaving Arts. 1069 and 1070 unchanged- the legislative intent was fully indicated to maintain the latter in full force. Moreover, said articles are in direct conflict with Sec. 725 R. S., and under Art. 3990 R. S. the code must be " held and taken as the law governing,"

A PPLICATION for Prohibition.

*Robert Mott,* for the Relator.

The opinion of the Court was delivered by

FENNER, J. Relator, a corporation domiciled in the parish of Orleans, having been sued before the respondent, a justice of the peace of St. Tammany parish, excepted to the latter's jurisdiction on the ground of its domicile.

The exceptions having been overruled, relator seeks relief in the present application for prohibition.

The claim of respondent to jurisdiction rests upon Art. 165, No. 9, of the Code of Practice, which provides that "in all cases where any corporation shall commit trespass or do anything for which an action for damage lies, it shall be liable to be sued in the parish where such damage is done or trespass committed."

But this article is found under Title I of Part II of the Code, the first article of which declares: "The rules of proceedings contained in the present title relate only to the district and parish courts of the State. * * Special rules are hereafter established for courts of probate and justices of the peace."

The special rules referred to respecting justices of the peace are found in the following, Title IV, "of proceedings before justice of the peace," and articles 1069 and 1070 there found, clearly preclude the jurisdiction here claimed over a defendant domiciled in the State and outside of the ward and parish of the respondent justice by the following emphatic provisions: " In civil cases within their competence justices of the peace can only cite before them such persons as are domiciliated or residing within the limits of their jurisdiction, or strangers who may chance to be there. In this case the term strangers applies to such as have no domiciled or fixed place of residence in the State. * * * Justices of the peace shall not hold, exercise or entertain jurisdiction in any civil matter where the defendant does not reside within the limits of his ward."

It is true that the provision of No. 9 of Art. 165 C. P. is also embodied in Sec. 725 of the Revised Statutes, but the act No. 341 of 1855, from

which it was taken, expressly reserved the above articles of the Code of practice from repeal, and the same Legislature which adopted the Revised Statutes also adopted the existing Code of Practice, and in cases of conflict gave the latter precedence over the former. We consider that by embodying the provision as an amendment or addition to Art. 165, and by leaving articles 1069 and 1070 unchanged, the legislative intent was clearly indicated to maintain the latter in their original force. Moreover, the said articles are in irreconcilable conflict with Sec. 725 R. S., if interpreted to apply to justices of the peace, and under Sec. 3990 R. S., the code must be "held and taken as the law governing,"

The jurisdiction asserted by the respondent justice is denied to him by the law.

It is, therefore, ordered that the provisional writ of prohibition herein issued be now made peremptory.